Carr, J.
This motion is not rested on any rule of english practice, which seems admitted to be against it: nor is it rested on that general power which courts have to watch over their process, and prevent it from being used as an engine of fraud or oppression; for the execution issued for the sum really remaining due. The justice of the case, therefore, does not require the quashing of the execution. The genera] purpose of an injunction is to inhibit a party possessing some legal advantage, from using it in an unconscientious manner. In reason, it would seem that so soon as this inhibition is removed, the party is reinstated, and may go on. Here, Dudley recovered a judgement at law. The defendants obtained an injunction to the whole, which the chancellor, afterwards, perpetuated for part, and dissolved for the balance. If there had been no appeal from that decree, the plaintiff at law could at once have sued out execution for that balance. The appeal suspended that right: the affirmance removed the suspension. It would seem, then, that, on general principles, as well as the justice of the case, the clerk of the court of law might well issue the execution, when a copy of the decree of affirmance was before him.
But the counsel for the appellant rests his case upon strict, positive law. He insists, that, under the provisions of the statute, 1 Rev. Code, ch. 64. p. 195. the clerk of the court of law, could not issue an execution, until the decree of the *147 court of appeals affirming that of the court of chancery, was entered up in the court of chancery, as its decree. In the first place, I question whether this provision applies at all to bills of injunction to stay judgements at law. It directs that the court below shall enter the judgement or decree of tho court of appeals as its own, and award execution thereupon. Now, we know, when a court of equity perpetuates an injunction in part, and dissolves for the balance, no execution for such balance can issue from the court of chancery. Tho decree of that court merely lets loose the judgement at law. But, 2ndJy, what kind of judgements of this court, arc, under this provision, to be certifíed to tho court below, and there registered as their own ? Not those where the judgement or decree is wholly affirmed or reversed; for, says the statute, tho court may give such judgement or decree, if it be not affirmed or reversed, in the whole, as the inferiour court ought to have given, to be certified to such court, and entered as their own. What is to be certified ? that judgement which the court below ought to have given, in cases where the judgement or decree is not wholly affirmed or reversed ; for where the judgement or decree is wholly affirmed, it is still the judgement or decree of the court below, unaltered and untouched ; and where it is wholly reversed, the bill is dismissed in this court. In the case before us the decree was wholly affirmed, and therefore not within the provision of the statute. ] think the judgement of the circuit court should be affirmed.
Cabell, J. The courts of law are certainly bound to respect orders and decrees of the courts of chancery, enjoining tho parties, in suits at law, from proceeding farther iu those suits, or from executing judgements which may have been recovered therein. But, in this case, there was no injunction existing at the time when the execution issued, or when the application was made to quash it. The injunction having been dissolved by the chancellor, and that dis *148 solution affirmed by this court, the parties were, so far as related to the injunction, restored to the situation which they occupied before the injunction was awarded. The party who had recovered the judgement, might therefore proceed with his execution, unless restrained by some statute. The provision of the statute, relied upon by the appellant’s counsel, as preventing the issuing of the execution till the decree of this court had been certified to the court of chancery, and there entered up, applies .only to cases where an execution is to issue on the decree or judgement which has been certified by the court of appeals to the inferiour court, and which has been entered as the judgement or decree of the inferiour court. Now the judgement on which the party in this case took out the execution, was not the judgement of the court of appeals, nor of the court from which the appeal had been taken : it was the judgement of the circuit court of Prince George, from which no appeal had been taken. The judgement had been only enjoined; and so soon as the injunction was dissolved, the party was left free to execute it. The judgement of the circuit court should be affirmed.
Brooke, J. I concur in affirming the judgement.
Tucker, P. It seems, that, at different times, very different opinions have prevailed, as to the notice which a court of law should take of an injunction from a court of chancery. That the injunction operates upon the party only, and not upon the court, would seem to be a truism requiring no argument to support it. Accordingly, we find the doctrine distinctly stated in some cases, Ashby v. Kiger, Gilm. 158. Hill v. Turner, 1 Atk. 515. and acted upon in others, Sheffield v. Duchess of Buckinghamshire, Id. 628. Barnesley v. Powell, 1 Ves. sen. 119. 284. It is, indeed, I conceive, one of the axioms of the court. In the earlier cases, it was also held, that the court was not only not bound by the chancery order, but that it would take no notice of *149 it. 3 Bac. Abr. Injunction. B. p. 656. Tidd’s Prac. 1156. In our own courts too, it was generally held that if the party enjoined chose to incur the hazard of a contempt, he might proceed at law to the trial of his case, or to take judgement on a forthcoming bond, and the like. It would seem, however, upon due reflection, to be a strange state of things, that courts forming parts of the same judicial system, should not take notice of what is legally done by each other, respectively; as, in this instance, that although the chancellor has, in the rightful exercise of his authority, enjoined a judgement, yet the court of law would permit the plaintiff in that judgement, to go on to issue his execution at his pleasure. Accordingly, it would seem to be admitted in more recent decisions, that a court of law will take notice of the injunction of a court of equity, and mould its proceedings and decisions accordingly. Thus, in a case where judgement was enjoined, and execution stayed for move than a year, no scire facias to revive the judgement was held necessary, Mitchell v. Cue, 2 Burr. 660. Tidd 1156. though formerly it was held otherwise; and, I think it clear from Tidd’s Book of Practice, that in Westminster hall, the proceedings in suits at law are now always stayed during the pendency of an injunction, upon certain principles established by the court. It is right that they should be so. But still it would seem to be a matter in the sound discretion of the court, since it is very clear, that a party could not plead his injunction as a matter of abatement, and still less in bar. Thus we find, that, notwithstanding an injunction, the party may, in many cases, proceed to trial and judgement, being only restrained from taking out execution; Tidd 470. And even courts of equity themselves admit, that the plaintiff at law may proceed so far, as that he may be at liberty, eo instante that the injunction is dissolved, to take out execution. 3 Bac. Abr. Ubi supra. Morrice v. Hankey, 3 P. Wms. 146.
In the present case, the injunction had been dissolved by' the court of chancery. The evidence of dissolution was *150 before the circuit court of Prince George. And though appeal from the dissolution revived the injunction (Turner v. Scott, 5 Rand. 322.) and rendered it improper that the plaintiff should take out execution pending the appeal, yet the chancellor’s decree having been affirmed, and the decree of affirmance produced, it was manifest there could no longer be any injunction ; and therefore nothing illegal or irregular in the issue of the execution. So far from it, the plaintiff would certainly not have been liable to be proceeded against for a contempt of the injunction order in the court of appeals, and I should think, not in the court of chancery. The cause was clearly out of the court of appeals ; and I incline to think, it must be considered that the injunction at least had no longer continuance in the court of chancery. That court had dissolved it; and 'a decree of affirmance had ratified that dissolution, and abrogated the revival by the appeal. If the appeal revived the injunction, yet the instant the appeal was at an end, its effect to revive was at an end also, and the injunction of course was dissolved. In reference to this view of the subject, however, some considerations must be weighed. A doubt has been expressed, whether the party may not have procured the certificate of the affirmance prematurely. This, I think, cannot be presumed. He produced the certificate to the court of law. It must be presumed to have issued regularly. It was, moreover, strenuously argued, that the statute, 1 Rev. Code, ch. 64. § 21. requires, in all cases, the decree of the court of appeals to be returned to the court of chancery, and there entered as its own, before it can be considered as consummate to any purpose. I doubt, whether this is a true construction of the statute. If the decree be not affirmed or reversed in whole, this court makes such decree as ought to have been given ; and that decree must be entered as the decree of the court of chancery. But where there is a total affirmance, although the party cannot sue execution for his costs in chancery, or in the court of appeals, I do not perceive any reason for consider *151 ing an injunction which was dissolved, and only revived by the appeal, as continuing in force until the court of chaneery meets, although the appeal has been determined and the order of dissolution affirmed. If it be so, it would lead to great inconveniences and mischiefs. The plaintiff at law would not only be delayed in his recovery after the ultimate tribunal had finally passed upon the case, and pronounced a dissolution of the injunction, which it is no longer even in their power to set aside, but the defendant being protected by the operation of this principle from execution, and finding no farther chance of escape, may avail himself of the interval, to eloign his effects to the certain prejudice either of the creditor, or of innocent sureties.
Judgement affirmed.